**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JONATHAN ANDERSON, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 23-1925 (RBK) (AMD) |
| | : | |
| v. | : | |
| | : | |
| WARDEN, ATLANTIC COUNTY | : | |
| JAIL, et al. | : | **OPINION** |
| | : | |
| Defendants. | : | |
| | : | |

**ROBERT B. KUGLER, U.S.D.J.**

### I.     INTRODUCTION

Plaintiff, Jonathan Anderson ("Plaintiff" or "Anderson"), is a state prisoner currently

incarcerated at Bayside State Prison in Leesburg, New Jersey. He is proceeding pro se with a

civil rights complaint filed pursuant to 42 U.S.C. § 1983. (*See* ECF 1). Previously, this Court

granted Plaintiff's application to proceed in forma pauperis. (*See* ECF 2).

This Court must screen Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and

1915A to determine whether the complaint is frivolous or malicious, fails to state a claim upon

which relief may be granted, or whether Plaintiff seeks monetary relief from a defendant who is

immune from suit. For the following reasons, the complaint is dismissed without prejudice for

failure to state a claim upon which relief may be granted.

### II.     FACTUAL BACKGROUND

The events giving rise to Plaintiff's complaint occurred while he was detained at the

Atlantic County Jail in Mays Landing, New Jersey. Plaintiff names the following as Defendants

in this action: (1) Warden – Atlantic County Jail; and (2) two Jane Doe Nurses at the Atlantic

County Jail. On May 18, 2022, an unnamed jail guard escorted from the shower with handcuffs

behind his back.[1] Plaintiff states that he fell down a flight of stairs and suffered injuries. Plaintiff's injuries included back pain as well as numbness and swelling in his left leg and foot. He further states that he is having unspecified urination issues. Plaintiff claims the medical staff have done "nothing to help," and that "nothing has been done for pain." (*See* ECF 1 at 5). Plaintiff seeks injunctive relief and monetary damages.

## III.   LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to sua sponte dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive a court's screening for failure to state a claim, the complaint must allege sufficient factual matter to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual

---

[1] Plaintiff does not name the unnamed jail guard as a Defendant.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff is seeking redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

3

## IV.    DISCUSSION

### A.  Jane Doe Nurses

Plaintiff claims that the Jane Doe Nurses did nothing to help with his pain as he was not

being treated.

> For the delay or denial of medical care to rise to a violation of the
> Eighth Amendment's prohibition against cruel and unusual
> punishment, a prisoner must demonstrate "(1) that defendants were
> deliberately indifferent to [his] medical needs and (2) that those
> needs were serious." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.
> 1999). Deliberate indifference requires proof that the official
> "knows of and disregards an excessive risk to inmate health or
> safety." *Natale v. Camden Cnty. Corr. Facility,* 318 F.3d 575, 582
> (3d Cir. 2003) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837
> (1994)). We have found deliberate indifference where a prison
> official: "(1) knows of a prisoner's need for medical treatment but
> intentionally refuses to provide it; (2) delays necessary medical
> treatment based on a nonmedical reason; or (3) prevents a prisoner
> from receiving needed or recommended treatment." *Rouse,* 182
> F.3d at 197. Deference is given to prison medical authorities in the
> diagnosis and treatment of patients, and courts "disavow any
> attempt to second-guess the propriety or adequacy of a particular
> course of treatment ... (which) remains a question of sound
> professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*,
> 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin,* 551
> F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or
> medical malpractice do not trigger constitutional protections.
> *Estelle v. Gamble,* 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins,* 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found

"where the prison official persists in a course of treatment in the face of resultant pain and risk of

permanent injury." *See McCluskey v. Vincent,* 505 F. App'x 199, 202 (3d Cir. 2012) (internal

quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a

physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize

the necessity for a doctor's attention.' " *See Mitchell v. Beard,* 492 F. App'x 230, 236 (3d Cir.

2012) (*quoting Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth*

*Cnty. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 347 (3d Cir. 1987))).[2]

Deliberate indifference is greater than mere malpractice or negligence as "it is a state of

mind equivalent to reckless disregard of a known risk of harm." *Andrews v. Camden Cty.,* 95 F.

Supp. 2d 217, 228 (D.N.J. 2000). A prisoner's subjective dissatisfaction with his medical care

does not in itself indicate deliberate indifference. *See id.* Similarly, "mere disagreements over

medical judgment do not state Eighth Amendment claims." *White v. Napolean,* 897 F.2d  103,

110 (3d Cir. 1990). "Where a prisoner has received some medical attention and the dispute is

over the adequacy of the treatment, federal courts are generally reluctant to second guess medical

judgments and to constitutionalize claims which sound in state tort law." *Fantone v. Herbik,* 528

F. App'x 123, 125 (3d Cir. 2013) (quoting *United States ex rel. Walker v. Fayette Cnty.,* 599 F.2d

573, 575 n. 2 (3d Cir. 1979)). Thus, "[c]ourts will disavow any attempt to second-guess the

propriety or adequacy of a particular course of treatment . . . [which] remains a question of sound

professional judgment." *Pierce,* 612 F.2d at 762 (internal quotation marks and citation omitted)

Plaintiff fails to allege that the Jane Doe Nurses were deliberately indifferent to his

serious medical needs. While Plaintiff alleges that he received no care, the exhibits he attaches to

his complaint contradict that allegation. By way of example only, the exhibits indicate that

---

[2] It is unclear whether Plaintiff was a pretrial detainee or a prisoner while incarcerated at the Atlantic County Jail. That difference is of no major significance though at this screening stage. It is though worth noting that a plaintiff's claim for deliberate indifference to his serious medical needs as a pretrial detainee is analyzed under the Fourteenth rather than the Eighth Amendment for that of an incarcerated prisoner. *See Tapp v. Brazill*, 645 F. App'x 141, 145 n.4 (3d Cir. 2016). While the Fourteenth Amendment may be applicable to this case, the Eighth Amendment's "deliberate indifference" standard provides a guide to what, at a minimum, is owed to pretrial detainees. *See Tapp*, 645 F. App'x at 145 n.4 (citing *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003)); *see also Reavis v. Hicks*, No. 19-21711, 2020 WL 3034619, at *3 (D.N.J. June 5, 2020) (citation omitted).

Plaintiff was seen by medical professionals and offered treatment such as motrin/ibuprofen to help Plaintiff with his ailments. (*See* ECF 1-1 at 9 (progress note dated May 20, 2022 indicating that Plaintiff declined offer of ice and motrin); *see id.* at 11 (form indicating Plaintiff was given ibuprofen for headaches)).

In *Lanza v. Moclock*, 842 F. App'x 714, 718 (3d Cir. 2021), a panel of the Third Circuit examined whether the District Court had properly dismissed a deliberate indifference claim. In that case, exhibits attached to the plaintiff's complaint indicated that the plaintiff was treated with medications and seen regularly by medical staff at his request. Thus, the Third Circuit found that the District Court had properly dismissed Plaintiff's Eighth Amendment claim because "the allegations in the complaint amount to nothing more than Lanza's subjective disagreement with the treatment decisions and medical judgment of the medical staff at the prison." *See id.* (internal quotation marks and citation omitted).

Plaintiff's exhibits indicate Plaintiff was being seen by medical staff and that he was offered treatment. Therefore, given these circumstances, this Court finds that Plaintiff has failed to state a deliberate indifference claim against the John Doe Nurses. *See, e.g.*, *Bookard v. Ellers*, No. 21-1569, 2022 WL 609204 , at *5 (M.D. Pa. Mar. 1, 2022) (dismissing deliberate indifference claims where exhibits attached to the complaint contradict plaintiff's allegation in the complaint that he was not being provided care for his ailments). Thus, Plaintiff's claims against these two John Doe Nurse Defendants shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

B. Warden – Atlantic County Jail

Plaintiff also names the Warden of the Atlantic County Jail as a Defendant. Initially, this Court notes that there are not any specific allegations directly against the Warden in the body of

Plaintiff's complaint. This Court will presume though that Plaintiff is suing the Warden under a supervisory theory of liability.

Supervisory liability generally requires some affirmative conduct by the supervisor, such as a supervisor's implementation or maintenance of a policy, practice, or custom that caused the plaintiff constitutional harm. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)). There are two potential theories of supervisory liability. *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Under the first theory, a defendant may be sued as a policy maker "if it is shown that such defendant, 'with deliberate indifference to the consequences, established and maintained a policy, custom, or practice which directly caused [the] constitutional harm.'" *Id.* (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). The second theory of liability provides a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations. *See Baker v. Monroe Twp.*, 50 F.3d 1186, 1190–91 (3d Cir. 1995).

Plaintiff's complaint fails to state a supervisory liability claim against the Warden under either theory of supervisory liability. Initially, this Court has already determined that Plaintiff failed to allege an underlying constitutional violation. *See Talley v. Varner*, 786 F. App'x 326, 3298 (3d Cir. 2019) (supervisor liability claim fails when there is no underlying constitutional violation). Furthermore, there are no allegations stated with facial plausibility that the Warden maintained a policy, custom or practice that directly caused any potential constitutional harm. Finally, there is no allegation that the Warden participated in or directed others to potentially

violate Plaintiff's constitutional rights. As such, Plaintiff's claims against the Warden shall also

be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice for failure

to state a claim upon which relief may be granted. An appropriate order will be entered.


DATED: May 14, 2024                                    s/ Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge